UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES O'HAGAN, | CASE NO.  20-5396 RJB |
| Petitioner, | ORDER |
| v. | |
| STATE OF WASHINGTON, | |
| Respondent. | |

THIS MATTER comes before the Court on Petitioner's "Voi Dare of Honorable Ronald

B. Lighton and Request for Counsel." Dkt. 12.  The Court has considered the pleadings filed

regarding the motion and the remaining file.

## I.   FACTS

On April 27, 2020, the Petitioner filed this case and an application to proceed *in forma*

*pauperis* ("IFP").  Dkt. 1.  On May 19, 2020, Petitioner's IFP application was denied.  Dkt. 4.

The order also reviewed the Petitioner's proposed complaint and noted that it contained several

deficiencies including attempting to have this court review decisions of the state courts contrary

ORDER - 1

1  to the *Rooker-Feldman* doctrine (from *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923) and

2  *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983)), attempting to sue

3  judges and courts for ruling against him contrary to their right to absolute judicial immunity,

4  attempting to sue various clerks of the court and prosecutors for actions for which they have

5  quasi-judicial immunity, and attempting to sue private attorneys for civil rights violations, that

6  can only be brought against people acting "under the color of law."  *Id.*  That order further stated

7  that "[t]he vast conspiracy O'Hagan alleges is facially implausible. His complaint is not a habeas

8  petition; it is a political screed."  Dkt. 4, at 4.  Petitioner was ordered to pay the filing fee or file a

9  proposed amended complaint addressing these deficiencies within 21 days and warned that his

10  failure to do so would result in dismissal of the case.  *Id.*

11      On June 8, 2020, he filed a pleading entitled "Defendant's Memorandum with Supporting

12  Evidence in Response to Honorable Ronald B. Lighton's May 19, 2020 Order by Declaration of

13  James J. O'Hagan."  Dkt. 6.  In this 55-page disjointed pleading, the Petitioner discusses errors

14  he believes were in the Court's May 19, 2020 order, asserts that he did not "imply that the

15  Pacific County Tea Party was going to take hostile adverse possession of the former Kenyon

16  Kelley farm with [him]," requests a grand jury to investigate criminal acts, argues that "judges

17  have been unconstitutionally forcing Shari law onto the people."  *Id.*  He discusses various legal

18  proceedings that he has been involved in (both civil and criminal).  *Id.*  The Petitioner further

19  references elections law, generally asserting that there are problems.  *Id.* He contends that:

20          [H]e is adamant that if the courts continue to allow [him] to be a political prisoner
          of the judicial branch by keeping [his] Habeas Corpus complaint from a Grand
21          Jury then the deep state will do it to every other sovereign individual that attempts
          to address problems within the judicial branches and improve the quality of
22          justice.

23  Dkt. 6, at 14.

24

ORDER - 2

1    On August 18, 2020, the Petitioner paid the filing fee.  He also filed the pending motion,

2  entitled, "Voi Dare of Honorable Ronald B. Lighton [sic] and Request for Counsel."  Dkt. 12.  In

3  this motion, the Petitioner again asserts that he is "a political prisoner of the State of Washington

4  because [he is] a victim of judicial branch corruption."  Dkt. 12, at 1.  He asserts that various

5  judges and lawyers are involved in "organized crimes" and are now practicing "Shari Law."  *Id.,*

6  at 1-2.  He requests that Judge Leighton recuse from the case.  *Id.*  The Petitioner also asks for

7  appointment of counsel "that is not beholden to [his] adversary and has been outspoken about

8  addressing the violations to the separation of powers, judicial fraud industry and the subversive

9  attacks on our constitutional trust."  *Id.*

10    The case was reassigned to the undersigned on August 31, 2020.  Dkt. 14.

## II.    DISCUSSION

12    **Motion for Recusal**. The Petitioner's motion for Judge Leighton to recuse (Dkt. 12)

13  should be denied as moot.  The case has been reassigned to the undersigned.

14    **Review of the Complaint and Amended Complaint**.  The court has carefully reviewed

15  the complaint in this matter.  Because plaintiff filed this complaint *pro se*, the court has

16  construed the pleadings liberally and has afforded plaintiff the benefit of any doubt.  *See Karim-*

17  *Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

18    A federal court may dismiss a case *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6) when

19  it is clear that the plaintiff has not stated a claim upon which relief may be granted.  *See Omar v.*

20  *Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim *sua*

21  *sponte* under Fed. R. Civ. P. 12(b)(6). Such a dismissal may be made without notice where the

22  claimant cannot possibly win relief.").  *See also Mallard v. United States Dist. Court*, 490 U.S.

23  296, 307-08 (1989) (there is little doubt a federal court would have the power to dismiss

24

ORDER - 3

1  frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint

2  is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221,

3  1228 (9th Cir. 1984).

4       To the extent that the Petitioner intends the June 8, 2020 pleading to be his Amended

5  Complaint, it suffers from the same deficiencies as the original complaint that the Petitioner was

6  notified of in the May 19, 2020 order.  This case has no arguable basis in law or fact.  The

7  complaint should be dismissed as frivolous and for failure to state a claim.

8       Further, the Petitioner should not be given leave to amend.  He was notified of the

9  deficiencies in his Complaint and did not cure those deficiencies.  This case should be dismissed

10  with prejudice.

11  **Other Pending Motions**.  Petitioner's motion for appointment of counsel (Dkt. 12) and

12  all other pending motions, if any, should be denied as moot.

### III.  ORDER

14  **IT IS ORDERED:**

15  - Petitioner's "Voi Dare of Honorable Ronald B. Lighton and Request for Counsel"

16     (Dkt. 12) **IS DENIED AS MOOT**;

17  - All other pending motions, if any, **ARE DENIED AS MOOT**; and

18  - This case **IS DISMISSED WITH PREJUDICE**.

19  The Clerk is directed to send uncertified copies of this Order to all counsel of record and

20  to any party appearing *pro se* at said party's last known address.

21       Dated this 10th day of September, 2020.

22

23  _____
   ROBERT J. BRYAN

24     United States District Judge

ORDER - 4